CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
DEC - 7 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| DOUGLAS WAYNE DUDLEY, ) | |
| Plaintiff, ) | Civil Action No. 7:07-cv-00572 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| DON W. FARLEY, et al., ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

Plaintiff Douglas Wayne Dudley, a Virginia inmate currently incarcerated in the Rockingham Regional Jail, has filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343, alleging that he has been "denied life supporting medication."[1] Upon consideration of the complaint, it is clear that plaintiff did not fully exhaust the inmate grievance procedure. Because plaintiff did not exhaust his administrative remedies before filing this action, I find that his claims must be dismissed pursuant to 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). The exhaustion requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedy procedures for purposes of § 1997e(a) means using all steps that the agency holds out, and doing so properly, so that the agency addresses the issues on the

---

[1] Upon review of the complaint and the attachments in support thereof, it appears that plaintiff is dissatisfied with the pharmaceutical dispensations he has received to treat alleged arthritis, prostate problems, seizure disorders, headaches, and "problems sleeping."

merits. See, e.g., Woodford v. Ngo, 548 U.S. ___, slip op. at 6-8 (2006). Section 1997e(a) applies whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies. Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion provision is mandatory, even in those instances where an inmate claims that exhaustion would be futile or the remedy inadequate. Id. n.6. A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (2005).

Generally, inmates have a grievance procedure available that includes the following steps: an informal complaint; a regular grievance; and one or two levels of appeal, depending on the type of claim raised. In support of the instant complaint, plaintiff has submitted a statement verifying that he has exhausted his administrative remedies by appealing his claims to the highest available level of the administrative remedies procedures; the verified statement also explicitly attests that "[c]opies of the record of the proceedings are attached to this statement." However, the record plaintiff has submitted, while voluminous, consists of little more than a series of Inmate Request Forms, which are clearly labeled as "the **first step** in the grievance procedure."[2] (Emphasis added.) Plaintiff

---

[2] Regarding his medical complaints, plaintiff has submitted copies of Inmate Request Forms bearing the following dates of submission: July 17, 2007; July 31, 2007; July 21, 2007; September 18, 2007; and September 19, 2007. He submits no documentation indicating that he grieved any further or appealed any adverse decision. He does, however, submit a letter from Nurse Heatwole explaining that plaintiff was seen in the medical department in response to his Inmate Request Forms, save for the request submitted on July 21, 2007, when plaintiff was "called to medical and [he] refused to come." Additionally, plaintiff has submitted a copy of a letter, dated October 5, 2007, that he wrote to the Americans With Disabilities Act Coordinator for the Virginia Department of Corrections ("VDOC"), complaining that he suffered from "serious heart problem [sic], seizures, arthritis, high blood pressure, prostate, [and] severe chronic hea [illegible] pain," for which he had been unable to obtain proper treatment, and that he had been unable to obtain "the Federal Law Book . . . 42 U.S.C."; a letter, dated November 1, 2007, from the VDOC's Health Services Director, informing plaintiff that he must "use the grievance procedure at [his] facility to resolve [his] complaint"; a form intake letter, dated October 18, 2007, from the VDOC, informing plaintiff that he would be moved to a VDOC facility "as suitable bed space becomes available," that "[p]risoners are moved based on the date their final sentencing court order was sent to the
(continued...)

2

presents documentation of ten instances of filing Inmate Request Forms, but submits no documentation whatsoever of even one instance of having grieved an issue any further beyond the Inmate Request Form stage or having appealed any adverse decisions.[3] Because it appears from the face of plaintiff's own pleadings and the content of the documents he has submitted in support of his statement verifying his proper exhaustion of all available administrative remedies that plaintiff has not fully exhausted all available administrative remedies, as required pursuant to 42 U.S.C. § 1997e(a) before filing a federal lawsuit, I will dismiss this complaint. See Anderson, 407 F.3d at 683.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 7th day of December, 2007.

/s/ Jackson L. Kiser
Senior United States District Judge

---

[2] (...continued) [VDOC]," and that his VDOC "number has not yet been issued," but that "[i]t is not necessary to have a [VDOC] number before being transferred" from a jail to a VDOC facility."

Additionally, plaintiff has submitted copies of Inmate Request Forms, wherein he complained of the unavailability of a "Law Book 42 U.S.C.," bearing the following dates of submission: August 13, 2007; August 20, 2007; August 28, 2007; September 12, 2007; and October 16, 2007. He submits no documentation indicating that he grieved any further or appealed any adverse decision. Plaintiff has also submitted a miscellaneous document, dated November 26, 2007, that appears to be a letter or note from him to no one in particular, complaining that his requests for a "US 42 C [sic] Law Book" had gone unmet. He also has submitted a copy of a letter, dated August 26, 2007, from him to an unspecified "Clerk of Court" in Harrisonburg, Virginia, requesting an acknowledgment of his letter "ASAP."

[3] It is clear that plaintiff has attempted to operate outside the jail's administrative remedies program. As I have already observed, the VDOC's Health Services Director, in a letter dated November 1, 2007, specifically informed plaintiff that he must "use the grievance procedure at [his] facility to resolve [his] complaint." See supra n. 2.

3